[Doc. No. 21]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH BROWNING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAFMARINE, INC., et al.,<br><br>　　　　Defendants. | Civil No. 11-2436 (JHR/JS) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's "Second Motion to Amend Complaint" [Doc. No. 21]. Plaintiff is seeking to amend his complaint to substitute Jaco Trader Shipping, Ltd ("Jaco") for named defendant Safmarine, Inc. ("Safmarine"). The Court received defendants' response [Doc. No. 23] and the parties' supplemental submissions [Doc. Nos. 34, 36, 37]. The Court also heard oral argument. For the reasons to be discussed, plaintiff's motion is GRANTED.

Since the parties are familiar with the facts and procedural history of the case, only a brief summary will be set forth herein. Plaintiff filed his complaint in New Jersey state court on March 10, 2011, and the action was removed to this court on April 28, 2011. The named defendants, all represented

1

by the same counsel, are: Safmarine, Inc., Safmarine Container Lines, N.V., Maersk Line, A.P. Moller-Maersk A/S and A.P. Moller-Maersk Group. The complaint arises out of an accident that occurred on March 13, 2008 aboard the vessel Safmarine Douala. Complaint ¶10 [Doc. No. 1-2]. Plaintiff alleges that at the time of his accident he was a longshoreman employed by Delaware River Stevedores. Id. at ¶9. Plaintiff alleges that when he filed his complaint he was under the impression that the subject vessel was owned by Safmarine. During the course of the case defense counsel informed plaintiff that the actual owner was Jaco. On July 29, 2011, plaintiff filed his first motion to amend his complaint to name Jaco. On October 24, 2011, the Court denied the motion on the ground that it was futile. See October 24, 2011 Order [Doc. No. 16].[1] The Court found that since plaintiff's accident occurred on March 13, 2008, and his motion to amend was not filed until more than two years later on July 29, 2011, the claim against Jaco was barred by the statute of limitations. The Court denied plaintiff's request to "relate back" his amended pleading pursuant to Fed. R. Civ. P. 15(c). The Court held that although plaintiff argued that notice of the filing of the complaint was imputed to Jaco because of its identity of interest with the defendants, "plaintiff has not supplied evidence of this." Tr. 18:23-19:1.

---

[1] The Court's Oral Opinion denying the motion is contained in the transcript of the October 24, 2011 hearing at pp. 16:15-21:5 [Doc. No. 31].

Subsequent to the Court's October 24, 2011 Order denying plaintiff's motion to amend, the parties completed fact discovery. On May 30, 2012, defendants filed their motion for summary judgment. In their motion defendants argued, <u>inter alia</u>, that they "did not own or charter the ship [Safmarine Douala]." Brief in Support of Motion for Summary Judgment at 2 [Doc. No. 20-1]. They also argued, "none of the defendants . . . had anything whatsoever to do with the alleged incident on March 13, 2008" (<u>id.</u>), and that the owner of the Safmarine Douala was "Jaco Trader Shipping Ltd." <u>Id.</u>

On June 1, 2012, plaintiff filed the instant motion to amend. Plaintiff alleges, and defendants do not contest, that the facts supporting the motion were learned in discovery taken after plaintiff's first motion to amend was denied on October 24, 2011. Like its first motion to amend, plaintiff's present motion also seeks to add Jaco as a party defendant. Plaintiff argues he now presents evidence that supports his contention that his amended complaint relates back to the filing of his original complaint. Plaintiff argues that because the same law firm, Palmer Biezup & Henderson LLP ("Palmer"), represented Jaco and the defendants, the firm's knowledge regarding the filing of plaintiff's complaint should be imputed to Jaco.

**DISCUSSION**

The parties agree that unless the proposed amended complaint relates back the amendment naming Jaco is futile because it is barred by the statute of limitations. Plaintiff acknowledges that his sole basis for arguing the amended complaint relates back is Rule 15(c).[2] In relevant part Rule 15(c) reads as follows:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew, or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[2] Defendants argue Rule 15(c)(1)(C) relation back is unavailable because plaintiff's motion seeks to add Jaco, rather than to substitute Jaco for an existing party defendant. Defendants' Opposition Brief at 2 [Doc. No. 23] (citing Jordan v. Tapper, 143 F.R.D. 567, 573-74 (D.N.J. 1992)). However, the Third Circuit construes Rule 15(c) to permit the addition or substitution of a defendant. See Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). In any event, the argument is moot because plaintiff clarified his intent to substitute Jaco for Safmarine.

Pursuant to Rule 15(c)(1)(C) relation back is available if a proposed defendant received actual or constructive notice of the action within 120 days of the filing of a complaint. <u>Id.</u> (citing Fed. R. Civ. P. 4(m)). The Rule also requires that the proposed defendant have actual or constructive knowledge that he or she would have been named but for a mistake on the part of the plaintiff.[3]

As to the notice that a proposed defendant must receive within 120 days of the filing of the complaint, the notice is sufficient when a party has a reasonable expectation of being named a defendant after learning about the litigation through some informal means. <u>Singletary v. Pa. Dep't of Corr.</u>, 266 F.3d 186, 195 (3d Cir. 2001). However, "the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." <u>Id.</u>

The Third Circuit permits an inference of timely notice by way of the "shared attorney" method or an "identity of interest" method. <u>See</u> <u>Ward v. Taylor</u>, 250 F.R.D. 165, 168 (D. Del. 2008) (citing <u>Singletary</u>, 266 F.3d at 196-200). "[T]he relevant inquiry under [the shared attorney] method is whether notice of the institution of this action can be imputed to [the defendant

---

[3] Defendants do not dispute that the proposed amendment meets the threshold requirement of "assert[ing] a claim or defense that arose out of the conduct, transaction, or occurrence set out" in the first amended complaint. <u>See</u> Rule 15(c)(1(B).

sought to be named] within the relevant 120 day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit." Garvin v. City of Philadelphia, 354 F.3d 215, 223 (3d Cir. 2003)(alterations in original)(quoting Singletary, 266 F.3d at 196). The "identity of interest" method, on the other hand, "requires the plaintiff to demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference the notice was actually received by the parties sought to be added as defendants during the relevant time period." Miller v. Hassinger, 173 Fed. Appx. 948, 956 (3d Cir. 2006) (per curiam) (citing Singletary, 266 F.3d at 197-200; Garvin, 354 F.3d at 227).

Plaintiff is only pursuing the shared attorney method of relation back. Relevant facts related to this issue are set forth in the affidavits of Kevin G. O'Donovan, Esquire, and Richard Q. Whelan, Esquire, partners with the Palmer law firm. See Doc. No. 34. According to Mr. O'Donovan's affidavit, on March 13, 2008, the same date of plaintiff's accident, he was retained by Jaco to investigate the incident. See O'Donovan Affidavit ¶1. Mr. O'Donovan further alleges that on March 24, 2011, after the statute of limitations expired, he was instructed to "close the file" which was done on March 25, 2011. Id. ¶2. Approximately two weeks later Mr. Whelan was retained to represent the defendants in the case. See Whelan Affidavit

6

¶2.  The shared attorney method assumes that where an originally named party and a party later sought to be added share representation within 120 days of the filing of a complaint, the shared attorney will likely inform the latter party of the likelihood that he may be joined in the action.  See Singletary, 266 F.3d at 196.  The facts of record clearly demonstrate that the Palmer law firm had knowledge of this lawsuit within 120 days after the case was first filed in state court on March 10, 2011.  This is evident by the fact that the firm was retained to represent defendants on April 7, 2011.  Thus, since the Palmer firm represented Jaco when it gained this knowledge, the knowledge is imputed to Jaco.  As defendants argue, "[t]he premise of the shared-representation method is that the lawyer can be expected to advise the co-client (the putative defendant) that the lawsuit has been filed and that the co-client is likely to be brought into the lawsuit once the plaintiff realizes that he has mistakenly sued the wrong party." Defendants' Response to Plaintiff's Supplemental Brief in Support of Second Motion to Amend Complaint at 2 ("Defs.' Supp. Brief")[Doc. No. 37].  Even though Palmer closed its Jaco file on March 25, 2011, it can be reasonably expected that promptly after the firm was retained to represent defendants, the firm is likely to have notified Jaco that plaintiff's complaint was filed. Given the allegations in plaintiff's complaint, it is also reasonable to expect that

7

defense counsel advised Jaco that it would soon be named a defendant after plaintiff realized his mistake in failing to name it. This is especially true since defense counsel knew or should have known that it was possible that plaintiff's complaint was filed within the applicable statute of limitations, but was not served until after the statute of limitations expired on March 13, 2011. Further, defense counsel knew or should have known that although the statute of limitations had already run on March 25, 2011 when Mr. O'Donovan closed his file, this did not necessarily mean that plaintiff's complaint was not filed before the statute of limitations ran.

Defendants argue the knowledge of the Palmer law firm should not be imputed to Jaco because the firm did not represent Jaco after March 25, 2011. This argument is premised on the Palmer firm's belief that it did not represent Jaco after it "closed its file." The Court disagrees. Defense counsel avers it represented Jaco from March 13, 2008 to March 24, 2011 for the purpose of investigating plaintiff's accident. O'Donovan Affidavit ¶2. Counsel further avers it closed its file on March 25, 2011. Id. ¶3. However, although Mr. O'Donovan avers "[t]he file was closed effective March 25, 2011" (id.), he provides no information as to when or how he notified Jaco of the termination of the attorney-client relationship. "Once an attorney undertakes to represent a client, he cannot withdraw

8

from employment without properly advising his client of his intention to do so." In re Schwartz, 99 N.J. 510, 519 (1985); see also R.P.C. 1.16(d) (requiring that a lawyer give "reasonable notice" to a client upon termination of representation). Defense counsel has not adequately shown that it terminated its representation of Jaco as of April 7, 2011 or soon afterwards. The Court does not accept the argument that when Mr. O'Donovan closed his file he automatically and instantaneously stopped representing Jaco. For the purpose of plaintiff's motion, the Court finds there was at least an implied attorney-client relationship between counsel and Jaco on or about April 7, 2011, and for a reasonable time period thereafter. See Schwartz, 99 N.J. at 517 ("[T]he fiduciary obligation of a lawyer applies to persons who, although not strictly clients, he believes or has reason to believe rely on him."); see also Bell v. Cumberland County, C.A. 09-6485 (JHR/JS), 2012 WL 1900570, at *9 (D.N.J. May 23, 2012) (citing the plaintiff's reasonable belief in the attorney's continued representation); Robinson v. Hornell Brewing Co., C.A. No. 11-2183 (NLH/JS), 2012 WL 71730, at *2 (D.N.J. Jan. 10 2012)(citations omitted)("[T]he attorney-client relationship can be created in the absence of an express agreement and may be

9

inferred from the conduct of the attorney and client or by surrounding circumstances.").[4]

Plaintiff has shown that Jaco and defendants were represented by the same law firm within 120 days of the institution of this action, and that the firm had knowledge of the filing of this lawsuit within 120 days after it was filed. Accordingly, the Court finds that plaintiff may use the "shared attorney" method to impute notice of the action to Jaco pursuant to Rule 15(c)(1)(C). The Court also finds that Jaco will not be prejudiced by defending itself on the merits.[5]

Defendants rely on Singletary and Garvin in their opposition. In both cases, however, the court denied relation back because the shared attorney did not represent the proposed additional defendants within 120 days of the institution of the action as required by Rule 15(c)(1)(C). Singletary, 266 F.3d at 197; Garvin, 354 F.3d at 223-24.

---

[4] It is not insignificant that only approximately two weeks after the Palmer firm closed its Jaco file, it was hired to represent defendants in this litigation. Although it may be reasonable to hold that after an extended period of time an attorney-client relationship ceases after a law firm closes its file, this did not occur here. In this case the Palmer firm learned of this lawsuit only two weeks after it closed its Jaco file.

[5] Jaco will not be prejudiced by its joinder because there is no contention that any relevant evidence or witnesses have been lost. Further, Jaco's law firm (Palmer) has been defending the case from its outset and is obviously familiar with all relevant facts and issues. The Court rejects defendants' argument that to date it has not been defending the case "on the merits." This is evidenced by the fact, inter alia, that defendants conducted a defense medical examination of plaintiff.

10

Having found Rule 15(c)(1)(C)'s notice provision satisfied as to Jaco, the Court must determine whether Jaco "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." See Rule 15(c)(1)(C)(ii); Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2493 (2010). "[The Rule] asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing [his or] her original complaint." Krupski, 130 S. Ct. at 2493. "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." Id. at 2493-94; see also Arthur v. Maersk, Inc., 434 F.3d 196, 208 (3d Cir. 2006) ("A 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description.").

Plaintiff's complaint alleges injuries arising out of an incident that occurred on the Safmarine Douala. In his complaint, plaintiff identifies as defendants the entities that "owned, managed, operated, chartered, possessed, and/or controlled" the vessel. Complaint ¶7. Plaintiff's complaint plainly intended to name as defendants all entities having any connection to the vessel, including its owner. As the apparent actual owner of the Safmarine Douala, the Court finds that Jaco

11

knew or should have known that, but for a mistake on plaintiff's part, it would have been named as a defendant in the complaint. Accordingly, the Court finds that plaintiff meets Rule 15(c)(1)(C)(ii)'s mistake provision.

**CONCLUSION**

For all the foregoing reasons, the Court finds that plaintiff's proposed amended complaint naming Jaco as a defendant relates back under Rule 15(c)(1)(C). Accordingly, plaintiff's "Second Motion to Amend Complaint" is GRANTED[6] and plaintiff is granted leave to substitute Jaco Trader Shipping, Ltd. for Safemarine, Inc. in his amended complaint.[7]

/s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

Dated:  November 7, 2012

---

[6] The Court's Order granting plaintiff's motion was entered on October 31, 2012.

[7] Defendants argue that if the Court grants plaintiff's motion all defendants should be dismissed and not just Safmarine.  Defendants argue plaintiff made the same mistake as to all defendants that he did as to Safmarine. The Court rejects this argument.  The record in the case demonstrates that when plaintiff filed his complaint he was under the impression that Safmarine owned the vessel.  The other defendants were not just named in their capacity as an owner.  Thus, the mistake as to Safmarine is not applicable to the other defendants.  As an aside, if defendants are correct that they had no involvement with plaintiff's accident, their motion for summary judgment [Doc. No. 20] will be granted.